UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| LORRAINE GUAY and<br>KEVIN GUAY,<br><br>    Plaintiffs,<br><br>v.<br><br>THOMAS BURACK, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil No. 1:09-cv-253-DBH<br>)<br>)<br>)<br>) |

**ORDER TO FILE SUPPLEMENTAL BRIEFS
ON THE ISSUE OF REAL PARTY IN INTEREST**

Lorraine and Kevin Guay, residents of 82 Currier Road in Concord, New Hampshire, have each brought a lawsuit against Thomas Burack, the Commissioner of the Department of Environmental Services for the State of New Hampshire, the Concord Police Department, Kelly Ayotte, the Attorney General for the State of New Hampshire, Detective Sean Ford of the Concord Police Department, the Concord Police Department and the City of Concord.  Both complaints allege malicious abuse of process, conspiracy, intentional infliction of emotional distress, and negligent infliction of emotional distress in conjunction with the defendants' roles in obtaining and executing search warrants and in conducting searches at three separate premises in Concord on March 25, 2009.  Kevin Guay's complaint includes an additional count, alleging malicious prosecution.  Because the cases arise from the same nucleus of operative facts, the court has ordered them consolidated.  The state defendants and the municipal defendants have filed separate motions to dismiss the complaints brought by Lorraine and Kevin Guay.

Defendants Burack and Ayotte argue that because the Guays have voluntarily filed a Chapter 11 bankruptcy that has now been converted to a Chapter 7 bankruptcy with an appointed federal trustee, the debtors themselves lack standing to pursue these claims.  The municipal defendants have adopted and incorporated this argument, without elaboration, into their own motions to dismiss.  The Guays have not in any way responded to the "real party in interest" argument and have not denied that they are proceeding in the bankruptcy court.

The bankruptcy issue in this case is not easy to unwind.  According to the docket sheet submitted by the state defendants, the New Hampshire Department of Environmental Services received relief from the bankruptcy stay on November 25, 2008, presumably in order to pursue the enforcement action relating to the sedimentation pollution in the lake, an issue apparently peripherally related to the subject matter of this lawsuit.  (See Ex. A, Doc. No. 32, Bankruptcy Docket Sheet No. 71.)  The state defendants have submitted documentation that a civil injunctive action against Guay was commenced prior to issuance of the search warrants.  The claims raised in this complaint did not arise until March 25, 2009, when the search warrants were executed.  The Guays attempted to dismiss their bankruptcy proceeding on May 29, 2009. (Id. Doc. No. 216.)  Subsequently the matter was converted to a Chapter 7 bankruptcy on June 23, 2009 (id. Doc. No. 228) and a trustee appointed.  What, if anything, all of that activity means in relationship to the two basic principles that (1) the trustee is the real party in interest to this case and (2) legal claims existing when an individual files a Chapter 7 petition become part of a bankruptcy estate, has not been adequately briefed by either side.  I am not inclined to wade into these uncharted waters without further briefing and development of the issues, especially because I believe that pursuant to Rule 17 (a) (3) of the Federal Rules of Civil Procedure, even if

2

the trustee is the real party in interest, I could not recommend dismissal of this action without first giving the plaintiffs the opportunity of joining the real party in interest.

It is not in the interest of either this court or the parties to issue a recommended decision on the substantive issues raised by these motions to dismiss if the plaintiffs are not the real parties in interest or otherwise lack standing to bring this suit.  That issue could well be determinative of this lawsuit at this time.  The defendants rely upon <u>Vidal v. Doral Bank Corp.</u>, 363 F.Supp.2d 19, 22 (D.P.R. 2005) for the proposition that the trustee in bankruptcy is the real party in interest in a proceeding such as this one.  However, even accepting defendants' argument as true, the remedy is not immediate dismissal of the action.  <u>See</u>, <u>e.g.</u>, <u>Aquila, LCC v. City of Bangor</u>, 640 F.Supp.2d  92 (D. Me. 2009).  The plaintiffs must be given a reasonable amount of time to join the real party in interest, if indeed the trustee is the real party in interest, and/or an opportunity to prove to this court that the trustee has made an intentional choice to abandon the action[1].

Therefore, the parties must file supplemental briefing, limited to the issue of whether the trustee remains the real party in interest in this action.  Both parties should include with their supplemental briefing any information regarding what notice, if any, has been given to the trustee regarding this proceeding and whether or not the trustee intends to intervene in this case or abandon the action.   The defendants' supplemental brief, not to exceed ten pages, is due by January 4, 2010.  The plaintiffs may each file a response, not to exceed 10 pages, by January 28, 2010.  No further supplementation is allowed.

*So Ordered.*

---

[1] A review of the PACER docket entries in the underlying bankruptcy case reveals that the last action taken in the case was on November 24, 2009, and that no notice of abandonment has been filed by the trustee as to this action; the only notice of abandonment was a September 16, 2009, pertaining to an excavator (Doc. No. 252).  The debtors received their discharge on October 27, 2009.

/s/ Margaret J. Kravchuk
United States Magistrate Judge

December 8, 2009.