UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| KEVIN GUAY, | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 1:09-cv-217-DBH |
| | ) |
| THOMAS BURACK, et al., | ) |
| | ) |
|      Defendants | ) |

_____

| | |
|---|---|
| LORRAINE GUAY | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 1:09-cv-253-DBH |
| | ) |
| THOMAS BURACK, et al., | ) |
| | ) |
|      Defendants | ) |

**RECOMMENDED DECISION ON MOTION FOR SUMMARY JUDGMENT**
**(Doc. No 57)**

Lorraine and Kevin Guay of Concord, New Hampshire, have each brought suit alleging malicious abuse of process, conspiracy, intentional infliction of emotional distress, and negligent infliction of emotional distress in conjunction with the defendants' roles in obtaining and executing search warrants and in conducting searches at three separate premises in Concord, New Hampshire in March 2009. The state defendants and the municipal defendants previously filed separate motions to dismiss the complaints. As a consequence of that round of dispositive motions I recommended that the Court grant the dismissal except for the claims that pertained to Kevin Guay's state tort claim for malicious abuse of process against Detective Ford and his employer, Concord/Concord Police Department and Lorraine's and Kevin's Fourth Amendment constitutional claim against Detective Sean Ford in his personal capacity. (Doc. No. 46.) Judge

Hornby affirmed, explaining that the resolution of the defense of judicial estoppel was deferred

pending further action by the remaining parties.  (Doc. No. 52.)

## Discussion

In their motion for summary judgment the defendants reassert that the Guays should be

judicially estopped from bringing these complaints and have argued that they are entitled to

judgment on the merits. They have also forwarded an affidavit by Ford that thoroughly describes

his investigation in the pending environmental crime prosecution in state court and supports the

conclusion that everything about the investigations and searches was on the up-and-up.[1]

Lorraine Guay, who still has counsel of record, has not filed anything in response to the pending

motion for summary judgment. Kevin Guay has responded pro se: "Plaintiff has provided

enough evidence over the course of this lawsuit that clearly dispute the statements in Detective

Sean Ford's affidavit so that this case needs the court to determine what the facts are depending

on the evidence submitted thus far."  (Resp. Summ. J. at 1, Doc No. 59.)  Kevin Guay criticizes

the movants for relying on similar arguments to those argued in the motion to dismiss but he has

not presented any factual record to overcome the defendants' case for application of the doctrine

of judicial estoppel and for summary judgment on the merits of the Fourth Amendment and state

law claim.  In fact, the only exhibits filed by Kevin Guay during the course of this litigation are a

deed filed in support of an objection to a motion to dismiss (see Doc. No. 35-1)  and a

bankruptcy filing – a report on unpaid Chapter 11 obligations –filed in support of his objection to

my recommended decision (see Doc. No. 49-1).  His response to this dispositive motion does not

even mention the looming, preserved, question of judicial estoppel.

Although certainly alerted to the issue over the course of this litigation, the Guays have

not, in response to the pending motion, mounted any argument for not applying this doctrine to

---

[1]         According to the defendants, Kevin Guay's trial on these charges was to commence on October 18, 2010.

2

their cases and they have still not amended their bankruptcy petition to list these lawsuits as assets.[2] I previously addressed the judicial estoppel aspect of this case in my February 2010 recommended decision, see  Guay v. Burack, Civil Nos. 1:09-cv-217-DBH, 1:09-cv-253-DBH, 2010 L 716104, 2 -5  (D.N.H. 2010) (recommended decision), and the parties and the Court are fully familiar with that analysis. Too simplify, I suggested at that time that the law applicable to the Guays's attempt to receive a judgment  on these two complaints outside of the bankruptcy proceeding was in the defendants' favor but that the somewhat irregular progression of this case warranted not immediately deciding the case on that ground.  This Court affirmed that recommendation noting: "Resolution of the defense of judicial estoppel is deferred pending further action by the remaining parties." 2010 WL 1233807, 1 (D.N.H. 2010) (Hornby, Dist. J).

I have done a fresh review of the precedents underpinning that discussion, see Payless Wholesale Distribs., Inc. v. Alberto Culver (P.R.) Inc., 989 F.2d 570 (1st Cir.1993); see also Cannon-Stokes v. Potter, 453 F.3d 446, 448 (7th Cir.2006); Jethroe v. Om nova Solutions, Inc., 412 F.3d 598, 600 (5th Cir.2005); Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1287-88 (11th Cir.2002); In re Coastal Plains, Inc., 179 F.3d 197, 208 -209 & n. 7 (5th Cir.1999); Jeffrey v. Desmond, 70 F.3d 183, 187 (1st Cir.1995); Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416 (3d Cir.1988); Locapo v. Colsia, 609 F .Supp.2d 156, 159 n. 5 (D.N.H.2009); PSA, Inc. v. P.R.Telephone Co., 336 F.Supp.2d 173, 178 (D.P.R.2004);  Howell v. Town of Leyden, 335 F.Supp.2d 248 (D.Mass.2004), and there has not been a shift in the law in favor of the Guays since that recommendation issued. In fact, the District of Columbia Court of Appeals has issued a decision in the interim which cites Payless Wholesale Distributors, Inc. as an example of the majority view, stating: "It appears that every circuit that has addressed the issue

---

[2]        As of this date, the most recent activity of import in the case is the approved requests by the Chapter 7 trustee in May 2010 to examine records of four financial entities towards tracking transfers made by the Guays in the two years prior to the bankruptcy petition. (See D.N.H.Bankr.No. 08-12786-MWV, Doc Nos. 319-326.)

has found that judicial estoppel is justified to bar a debtor from pursuing a cause of action in

district court where that debtor deliberately fails to disclose the pending suit in a bankruptcy

case." Moses v. Howard University Hosp., 606 F.3d 789, 798 (D.C. Cir. 2010) (collecting

cases).  I note once more that the First Circuit observed in Payless Wholesale Distributors, Inc.:

> The basic principle of bankruptcy is to obtain a discharge from one's
> creditors in return for all one's assets, except those exempt, as a result of which
> creditors release their own claims and the bankrupt can start fresh. Assuming
> there is validity in Payless's present suit, it has a better plan. Conceal your claims;
> get rid of your creditors on the cheap, and start over with a bundle of rights. This
> is a palpable fraud that the court will not tolerate, even passively. See, e.g., In re
> H.R.P. Auto Center, Inc., 130 B.R. 247, 253-54 (Bankr.N.D.Ohio 1991)
> (collecting cases). Payless, having obtained judicial relief on the representation
> that no claims existed, cannot now resurrect them and obtain relief on the opposite
> basis. This may not be strictly equitable estoppel, as the court observed. Indeed,
> defendants may have a windfall. However, it is an unacceptable abuse of judicial
> proceedings.

989 F.2d at 571 (emphasis added).

The reason for not granting judgment in the defendants' favor at the motion to dismiss

stage had little to do with questions about the applicability of the asserted defense and everything

to do with the procedural quirks of this litigation's history as it related to the Guays's

bankruptcy.[3]   It is fair to describe that approach as reaching over backwards to allow the Guays

---

[3]        In reaching a conclusion that I could not arrive at a recommendation on the defense at that juncture, I
reflected:

> I acknowledge that Lorraine Guay views the defendants' judicial estoppel argument as
> "tangential" and faults them for raising it for the first time in response to the order to supplement.
> (L. Guay's Reply Defs.' Suppl. Br. at 1.) Based on the discussion of the procedural history of this
> case and the legal precedents addressed above, I disagree with Lorraine Guay on the "tangential"
> issue. As Payless Wholesale Inc. demonstrates by deciding the issue on the estoppel defense rather
> than on the district court's review of the merits of the claims, there is nothing tangential about this
> type of judicial estoppel claim in cases postured as are these two. And as for the question of this
> theory being a Johnny-come-lately interjection, the defendants' argument could not have been
> effectively forwarded until the resolution of the very related issues of standing and real party in
> interest, and it is only with the resolution of those issues by the trustee's notice of abandonment,
> that the estoppel defense was asserted. The motion to dismiss based upon failure to join the real
> party in interest has lost its legs. It is somewhat ironic for the Guays to feel put-out by the lack of
> early clarity on this question. There is an inescapable connection between their failure to bring
> these lawsuits within the fold of their bankruptcy proceedings and the requirement that this court
> affirmatively reach-out for some determination by the Chapter 7 trustee as to the status of the

to make an adequate showing as to why their failure to list these assets in the bankruptcy was not

an unacceptable abuse of judicial process as described by <u>Payless Wholesale Distributors, Inc.</u>[4]

The Guays have not taken advantage of this opening left by the court's backwards arch (perhaps

because they could make no legitimate showing to contravene the defense).

### Conclusion

I recommend that the Court grant judgment in favor of these remaining defendants,

Concord Police Department, the City of Concord, and Detective Sean Ford,  because the

plaintiffs have presented neither a factual case nor a legal argument as to why their claims are

not barred due to their failure to list the assets as part of their bankruptcy estate.[5]

### NOTICE

A party may file objections to those specified portions of a magistrate
judge's report or proposed findings or recommended decisions entered pursuant to
28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought,
together with a supporting memorandum, within fourteen (14) days of being
served with a copy thereof.  A responsive memorandum shall be filed within
fourteen (14) days after the filing of the objection.

---

estate's interest in the claims in order to adjudicate the motions to dismiss, which after all sought
dismissal of the actions because the apparent real party in interest had not been joined. I agree with
defendants that they are entitled to an early resolution of their judicial estoppel defense, but I am
not convinced that I can make a definitive recommendation on that issue in the context of the two
pending motions to dismiss that have been referred to me for recommended decision.
2010  WL 716104 at 4.

[4]       I acknowledge that this cautious approach resulted in an extra burden on the remaining defendants in the
form of generating a summary judgment record on the underlying merits of the Guays's claims. Counsel for these
defendants has been diligent and courteous in presenting the defense argument in response to the somewhat
amorphous litigation techniques of the plaintiffs.

[5]       It would be possible to articulate an alternative recommendation because the summary judgment record set
forth by the defendants and left uncontested in any meaningful way by the plaintiffs justifies concluding that there
was no federal or state law violation.  Given the history of this litigation I think the exercise is unnecessary. Should
either or both of the Guays object to this recommendation based on an unfair application of the asserted defense,
they might run headlong into another estoppel doctrine and be "estopped by silence": "Estoppel that arises when a
party is under a duty to speak but fails to do so." BLACK'S LAW DICTIONARY 630 (9th Ed. 2009).  The Guays have
presented nothing by way of evidentiary material that would suggest there are any disputed material facts as to the
merits of these claims that would warrant proceeding to trial in any event.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

October 29, 2010